USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                         :
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, and       :       1:20-cv-02867-GHW
APPRENTICESHIP, JOURNEYMAN RETRAINING :
EDUCATIONAL AND INDUSTRY FUND, et al., :
                                                                         :            MEMORANDUM OPINION
                                Petitioners,        :                 AND ORDER
                                                                         :
                                  -against-                 :
                                                                         :
FURNITURE BUSINESS SOLUTIONS, LLC    :
                                                       Respondent.    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       From January 21, 2019 through March 3, 2019, Respondent Furniture Business Solutions, LLC failed to remit contributions to various funds that administered benefits for union members. Pursuant to Section 301 of the Labor Management Relations Act, Petitioners seek to confirm an arbitration award obtained against Respondent. Because Petitioners have demonstrated that the arbitration proceeding was conducted in accordance with the parties' agreement, and was based on undisputed evidence, the Court confirms the award.

**I. BACKGROUND**

       Petitioners are the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; the New York City Carpenters Relief and Charity Fund; and the Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds"); and the New York City District Council of Carpenters (the "Union").

       On January 10, 2019, Respondent executed a collective bargaining agreement with the Union (the "CBA"). Declaration of William Davidian ("Davidian Decl."), Dkt. No. 11, ¶ 8. Under the

CBA, Respondent is required "to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union." *Id.* ¶ 12; *see also* Davidian Decl. Ex. A, Dkt. No. 11-1, art. XV § 1.  The CBA also requires Respondent to comply with "the policies, rules, and regulations adopted by the Funds," including the Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy").  Davidian Decl. ¶¶ 14–15; *see also* Davidian Decl. Ex. E, Dkt. No. 11-5.  The CBA requires Respondent "to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions."  CBA art. XV § 1.

The CBA includes an arbitration provision.  Pursuant to the CBA, in the event of "any dispute or disagreement . . . between the parties . . . or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund . . . either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder[.]"  CBA art. XV § 7; Davidian Decl. ¶ 16.  The CBA also provides that "the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs . . . as otherwise may be applicable under the Agreement and Declaration of Trust governing such Fund(s)."  *See* CBA art. XV § 6(a)(6).  Both the CBA and Collection Policy state that in the event of an arbitrated dispute,

> the Funds shall be entitled to collect, in addition to the delinquent contributions:  (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable attorneys' fees and costs incurred by the Funds in collecting the delinquencies.

CBA art. XV § 6(a); Collection Policy § V.  The Funds can recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a delinquent employer "at the same hourly rate charged to the Funds for such services . . . for all time spent by [the Funds' counsel] in collection efforts[.]"  CBA art. XV § 6(a); Collection Policy § V.

2

A dispute arose when Petitioners determined that Respondent had "failed to remit contributions for work performed during the period January 21, 2019 through March 3, 2019 in the amount of $45,815.27." Davidian Decl. ¶ 19. Petitioners then "initiated arbitration before the designated arbitrator, Roger E. Maher" (the "Arbitrator") according to the CBA's arbitration clause. The Arbitrator mailed a Notice of Hearing to Respondent by regular and certified mail. *Id.* ¶ 20; Davidian Decl. Ex. F, Dkt. No. 11-6. On December 18, 2019, the Arbitrator held a hearing and issued an award (the "Award") in favor of Petitioners. Davidian Decl. ¶ 21; Davidian Decl. Ex. G, Dkt. No. 1. Neither Respondent nor any of its representatives attended the hearing. Award at 1–2.

The Arbitrator determined on "substantial and credible evidence" that "Respondent violated the [CBA]" and owed the Funds a total of $60,167.57, consisting of the following: (1) $45,815.27 in unpaid contributions (2) interest of $2,704.73; (3) liquidated damages of $9,163.05; (4) promotional fund contributions of $84.52; (5) court costs of $400; (6) attorneys' fees of $1,500; and (7) arbitrator's fees of $500. Davidian Decl. ¶ 22; Award at 2–3. The Arbitrator also found that a pre-judgment annual "interest [rate] of 7.5% will accrue on the Award from the date of the issuance of the Award." Davidian Decl. ¶ 23; Award at 3.

On April 7, 2020, Petitioners filed a petition to confirm this arbitration award. Petition to Confirm Arbitration Award, Dkt. No. 1. Petitioners have since filed an unopposed motion for summary judgment seeking to confirm the Award, collect post-judgment interest on it, and recover reasonable attorneys' fees and costs associated with bringing this petition. Dkt. Nos. 10–13; Declaration of Marlie Blaise ("Blaise Decl.") Ex. I, Dkt. No. 12-2. Respondent failed to appear or file any opposition to Petitioners' motion for summary judgment, despite being properly served with the complaint, motion, and all relevant filings. Dkt. Nos. 16–18.

## II. LEGAL STANDARD

"Section 301 of the Labor Management Relations Act [('LMRA')], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

The Court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (noting that an arbitration award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case" and that "[o]nly a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award") (internal citations and quotations omitted).

Furthermore, "an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of

the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999); *see also Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.") (internal quotation marks omitted). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *Gottdiener*, 462 F.3d at 109. Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

## III. DISCUSSION

The unopposed evidence submitted by Petitioners shows they are entitled to confirmation of the Award, post-judgment interest, and attorneys' fees and costs.

### A. Confirmation of the Arbitration Award

Here, there is no indication that the Petitioners procured the Arbitrator's award through fraud or dishonesty, or that the Arbitrator was acting in disregard of the Agreement or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the Arbitrator based his award on undisputed evidence that the Petitioners conducted an audit in accordance with the terms of the CBA and that Respondent failed to remit payments to the Funds for work completed, as required by the contract terms. The record also indicates that the Arbitrator based the amount of his award of principal, interest, liquidated damages, and various costs on the relevant contractual provisions and undisputed testimony. Award

at 2–3.  Accordingly, Petitioners' motion is granted and the Award is confirmed, including pre-judgment interest at a rate of 7.5% per annum from the date of the Award through the date of judgment in this action.

### B. Post-judgment Interest

Petitioners further request post-judgment interest accruing from the date of judgment until Respondent pays in full.  Blaise Decl. Ex. I.  Under 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory," *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and this mandate applies when confirming arbitration awards.  *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100–01 (2d Cir. 2004).  Therefore, the Court grants Petitioners' request for post-judgment interest.  Post-judgment interest shall accrue at the statutory rate from the date judgment is entered until payment is made in full.

### C. Attorneys' Fees and Costs of Bringing this Petition

Petitioners also seek to recover reasonable attorneys' fees and costs incurred by bringing this petition.  Blaise Decl. ¶ 8–9.  "[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award."  *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  Section 301 of the LMRA does not provide for recovery of attorneys' fees.  *See id.*  Nevertheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification."  *Abondolo v. H. & M.C. Meat Corp.*, No. 07 Civ. 3870 (RJS), 20008 WL 2047612 at *4 (S.D.N.Y. May 12, 2008) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

"A party's failure to comply immediately with an arbitration award does not necessarily warrant an award of attorney's fees." *Abondolo*, 20008 WL 2047612 at *4.  But courts have found such an award permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Local 338*, 118 F.3d 893, 898 (2d Cir. 2007); *see also, e.g.*, *Ceona PTE Ltd. v. BMT Giant, S.A. De C.V.*, No. 16-cv-4437 (WHP), 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorneys' fees and costs to petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and has not responded to [the petitioner's] petition in this action"); *Herrenknecht Corp. v. Best Road Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. April 16, 2007) (awarding attorneys' fees and costs to petitioner in unopposed petition to confirm an arbitration award, where respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, an award of attorneys' fees and costs is justified.  By entering into the CBA, Respondent agreed to submit all disputes to binding arbitration.  Further, both the CBA and the Funds' Collection Policy explicitly entitle Petitioners "to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a delinquent employer."  CBA art. XV § 6(a); Collection Policy § V.[1]  Respondent has neither complied with the Award nor provided any justification for its failure to do so.  For these reasons, the Court finds that it is just and reasonable to award Petitioners reasonable attorneys' fees and costs pursuant to bringing this action.

To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel Prendergast v. Pension*

---

[1] Courts have also awarded attorneys' fees when there is a contractual basis for doing so.  *See New York City Dist. Council of Carpenters Pension Fund v. Dafna Const. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (awarding attorneys' fees in confirming an arbitration award "because the Agreement itself require[d] [respondent] to pay attorneys' fees incurred by the Trustees in seeking confirmation").

7

*Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[I]t is within the Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market. *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD)(DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008), *report and recommendation adopted*, No. 05-cv-5546 (GBD)(DF), 2008 WL 2940517 (S.D.N.Y. July 29, 2008) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from the calculation of a reasonable fee. *Id.* (quoting *Hensley*, 461 U.S. at 434).

Petitioners' request is reasonable. Petitioners request $2,177.50 in attorneys' fees and $76.90 in costs incurred by bringing this petition. Blaise Decl. ¶ 8–9. Plaintiffs submitted invoices documenting the specific tasks performed, the number of hours worked in total (8.4), and hourly rates for the two attorneys and two legal assistants who worked on the case. Blaise Decl. Ex. H, Dkt. No. 12-1. These are satisfactory records of the attorneys' efforts and sufficiently set forth the specific fees and costs incurred in obtaining confirmation of the award. *See* Blaise Decl. Ex. H. Furthermore, these fees and costs "are the result of negotiations between [Petitioner's attorneys] and Petitioners regarding proper compensation" for these legal services. Blaise Decl. ¶ 7. The Court also concludes that 8.4 hours is a reasonable number of hours worked given the description of the tasks performed.

The fees are based on the following rates: $350 per hour for Ms. Marimon, a partner at the firm who graduated from law school in 2014; $275 per hours for Ms. Blaise, an associate who graduated from law school in 2018; and $120 per hour for both of the legal assistants. Blaise Decl. ¶¶ 4–6. Ms. Marimon's rate is reasonable given her experience "as lead counsel for multiemployer employee benefit plans in . . . litigation" and her status as a partner of the firm. *Id.* ¶ 5; *see N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (noting that the rate of $425 per hour for partners in 2009 was a reasonable rate commensurate with the costs similar work in the district for LMRA cases); *Watkins v. Smith*, No. 12-cv-4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases."). The requested rate of $120 per hour for the work performed by legal assistants is also reasonable. *See, e.g.*, *Rosales v. Gerasimos Enterprises, Inc.*, No. 16-CV-2278 (RA) 2018 WL 286105, at *2 (S.D.N.Y. Jan. 18, 2018) (noting that hourly rates of between $100 and $150 have been found to be reasonable for paralegals); *S.J. v. New York City Dep't of Educ.*, No. 20-cv-01922 (LGS) (SDA) 2020 WL 6151112 (S.D.N.Y. Oct. 20, 2020) (recommending $125 as the hourly rate to be awarded to paralegals).

However, the Court does not approve of the $275 per hour rate for Ms. Blaise. $225 per hour for associates with similar or even more experience is a more appropriate rate, as other courts in this district have recently concluded. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc.*, No. 19-cv-149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May 7, 2019); *see also Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Triangle Enter. NYC, Inc.*, No. 20-cv-793 (RA), 2020 WL 2306484, at *6 (S.D.N.Y. May 8, 2020) (in awarding attorneys' fees, court lowered rate from $275 to $225 for attorney at Petitioner's firm with two more years of experience); *Trs. of N.Y.C. Dist. Council*

*of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. DV I, LLC*, No. 17-cv-7367 (PAE), 2018 WL 461244, at *5 (S.D.N.Y. Jan. 18, 2018) (holding that $225 per hour is an appropriate rate for "similarly situated" associates); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. AMP&G Constr., LLC*, No. 17-cv-4729 (DAB), 2018 WL 1883450, at *4 (S.D.N.Y. Mar. 29, 2018) (same).

Finally, Petitioners request the reimbursement of $76.90 in court costs resulting from serving Respondent with the petition to confirm the arbitration award and the Court's April 28, 2020 order. Blaise Decl. ¶ 9; Blaise Decl. Ex. H. Courts in this district routinely permit the recovery of such costs. *New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-cv-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

Accordingly, Petitioners' request for attorneys' fees and costs is granted, but with the reduced rates of $225 per hour for Ms. Blaise's work and $120 per hour for the legal assistants. Petitioners are therefore entitled to $2,052.50 in attorneys' fees and $76.90 in costs.

## IV. CONCLUSION

For these reasons, the petition to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment for Petitioners in the amount of $60,167.57, plus prejudgment interest calculated at 7.5% per annum from December 18, 2019 through the date of judgment, together with attorney's fees and costs in the amount of $2,079.40. Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 5, 2020  
New York, New York  
                         GREGORY H. WOODS  
                         United States District Judge